UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ UNITED STATES OF AMERICA,                │
│                                          │
│      -v-                                 │
│                                          │
│ STEVEN CASTELLANOS,                      │
│                                          │
│           Defendant.                     │
└─────────────────────────────────────────┘
```

22-cr-124 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is defendant Steven Castellanos' pro se motion for the return of $36,000 in United States currency, which Castellanos alleges to be his property, pursuant to Federal Rule of Criminal Procedure 41(g). See ECF No. 22 ("Mot."). The Government responded to Castellanos' motion on August 15, 2025. See ECF No. 24 ("Gov't Opp'n"). For the following reasons, Castellanos' motion is hereby denied.

On or about March 23, 2021, federal agents executed a search warrant at Castellanos' residence in Queens, New York. See Mot. ¶ 1. The agents seized, among other things, the $36,000 in cash. See id. ¶ 2. Approximately a year later, Castellanos waived indictment and, pursuant to a plea agreement, pleaded guilty to conspiracy to distribute fentanyl. See id. ¶ 3; Gov't Opp'n at 1. On June 29, 2022, Castellanos was sentenced to eighty months' imprisonment and is currently incarcerated. See Mot. at 2; Gov't Opp'n at 1.

In his motion, Castellanos argues that his plea agreement did not provide for the forfeiture of the seized cash and that no criminal or civil forfeiture order has been entered against him. See Mot. ¶¶ 4-5. He acknowledges that he received a "notice of administrative

1

forfeiture" and that he filed a "petition for remission or mitigation" of such forfeiture, "which was denied." See id. ¶ 6. Nevertheless, Castellanos contends, he retains a "lawful possessory interest" in the $36,000, which he asserts "represent personal savings from lawful employment." Id. ¶ 7.

As a threshold matter, the commencement of administrative forfeiture proceedings "deprives the district court of subject matter jurisdiction to review the merits of the forfeiture on a Rule 41(g) motion." Diaz v. United States, 517 F.3d 608, 610-11 (2d Cir. 2008). But after an administrative forfeiture has concluded, a district court retains "civil equitable jurisdiction . . . to determine whether proper procedural safeguards were observed" in the forfeiture proceedings. Id.; see also Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004). A forfeiture may be set aside if "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice" and if "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983. In order to ensure these requirements are met, an administrative agency intending to declare property to be forfeit must provide notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Torres v. $36,256,80 U.S. Currency, 25 F.3d 1134, 1161 (2d Cir. 1994).

Here, the evidence submitted by the Government establishes that Castellanos was provided reasonable notice in connection with the administrative forfeiture proceedings instituted by the Federal Bureau of Investigation ("FBI") against the $36,000 that was seized from Castellanos. See generally ECF No. 24.

On May 10, 2021, the FBI sent Castellanos' attorney of record a notice of seizure of property and initiation of administrative forfeiture proceedings. See id., Ex. A. On October 12, 2022, the FBI mailed further such notices to Castellanos at his known residences in New York and New Jersey. See id., Ex. B.[1] Each of the notices provided that a petition for return of Castellanos' property must be filed within thirty days. See ECF No. 24, Ex. A ¶ I(B); id., Ex. B ¶ I(B). On February 9, 2023, well after the second notice's deadline had expired, Castellanos wrote to the FBI, explaining that he did not receive a copy of the notice until February 7, 2023, and requesting a ninety-day extension of the deadline. See id., Ex. C. The FBI did not reply to Castellanos, but on May 5, 2023, eighty-seven days later, the FBI declared the $36,000 to have been administratively forfeited to the United States. See id., Ex. D.

---

[1] The Government observes that the notice mailed to Castellanos' New Jersey address was received and signed for on October 15, 2022, by a person who gave the name "Steven." ECF No. 24 at 2. It is highly unlikely that this person was Castellanos, however, because Castellanos began serving his sentence of imprisonment on August 15, 2022. See ECF No. 16 at 2. Nevertheless, the notice dated October 12, 2022, was materially identical to the notice dated May 10, 2021, which Castellanos does not dispute was mailed to his counsel of record. Compare ECF No. 24, Ex. A with id., Ex. B.

On September 28, 2023, Castellanos filed with the FBI a "Petition for Remission to Pardon Property from Forfeiture." Id., Ex. E. In that petition, Castellanos contended that he had assembled documentation showing that he had obtained more than $36,000 "from legal means and sources" and that he had deposited those funds into a bank account from which, on March 23, 2021, he withdrew the $36,000 that was seized later that day. See id. at 3. Although Castellanos filed his petition more than ten months after the initial deadline expired -- and more than four months after extended deadline he requested -- the FBI considered his submission "to be a valid petition for remission or mitigation of the forfeiture." See id., Ex. F. The FBI denied Castellanos' petition, however, on the basis that he had failed to demonstrate innocent ownership of the $36,000. See id. at 2. The FBI reasoned that because Castellanos admitted to engaging in narcotics conspiracy from no later than February 2020 through March 2021 and also because the $36,000 in cash was found "adjacent to a large quantity of heroin that [Castellanos] valued at $42,000," the funds Castellanos had deposited in his bank account were proceeds traceable to the commission of his crime. See id.

Thus, there is no question that Castellanos was provided notice that was "reasonably calculated, under all the circumstances," to apprise him of the seizure of his property and its pending forfeiture and to afford him an opportunity to object. See $36,256.80 U.S. Currency, 25 F.3d at 1161. The FBI mailed detailed written notices to Castellanos' counsel of record and to his known addresses. Although

the FBI failed to respond to Castellanos' letter of February 9, 2023, in which he requested a 90-day extension to file a petition opposing the forfeiture, the FBI refrained from declaring the $36,000 forfeit for nearly three months. Moreover, the FBI considered and denied Castellanos' belated petition of September 28, 2023, on its merits.

For all these reasons, the Court concludes that Castellanos was provided adequate notice of the seizure of his property and of the Government's intention to declare it forfeit. His motion for return of the seized property is therefore denied.

The Clerk of Court is respectfully directed to terminate the motion at docket entry 22.

SO ORDERED.

Dated:    New York, NY
          August 19, 2025

_____
JED S. RAKOFF, U.S.D.J.